IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
               Plaintiff,

vs.                                                       Case No. 22-10004-01, -02, -03-EFM

MICHAEL CHAPPLE, JASON DURHAM
AND TODD JAMES,
               Defendants.

### ORDER FOR HEARING TO DETERMINE WHETHER COUNSEL SHOULD BE DISQUALIFIED

This eighteen-count indictment charges three defendants with felonies. Defendant Michael Chapple has retained attorney Stephen T. Ariagno as counsel. Defendant Todd James has retained attorney Kurt Kerns. The third defendant, Jason Durham, has been appointed attorney David Freund of the Office of Federal Defender.

On March 25, 2022, the Magistrate Judge ordered Defendants Chapple and James to show cause why their attorneys should not be disqualified (Docs. 23, 25). Counsel responded on April 7 (Docs. 28, 29).

The Court's orders explained the basis for the concern as follows:

> Generally, attorneys in the same firm may not represent co-defendants in a criminal case. There are exceptions, which are not obvious to the Court here. Also, the facts cited above do not establish whether there is a conflict, whether the conflict has been or may be resolved by consent, or whether for the purpose of the evaluation of conflicts counsel are members of the same 'firm' as defined in Kansas Supreme Court Rule 240, DR 1.0(d), 1.7, 1.8 and 1.10. (This Court has adopted the rules of the Kansas Supreme Court (D. Kan. Rule 83.6.1).

(Docs. 23, 25).

The Court observed that Mr. Ariagno entered his appearance under the firm name "Ariagno, Kerns, Mank and White" and observed that the "Kerns" in that firm name is Kurt Kerns.[1] The Court also observed that both attorneys advertised on the internet as being part of "Warrior Lawyers" which included them and other named attorneys as "independent practitioners." (Docs. 23, 25).

In responding to the Order, Mr. Ariagno advised that attorneys in the named group have represented co-defendants in other cases, including as appointed counsel through this Court's Criminal Justice Act (CJA) panel. He stated that their advertising notes that the attorneys are "individual practitioners" and that his letterhead also so notes. (It is unclear whether the attorneys share letterhead.) He advised that the attorneys do not share profits or revenues, although there are some shared office expenses. He advised that he hires his own legal assistant, as does Mr. Kerns. The attorneys' physical and electronic files are segregated. Their funds are not co-mingled. The attorneys maintain separate bank accounts (operating and trust) and maintain a shared account for the payment of shared office expenses. The attorneys have no financial interest in each other's fees. Defendant Chapple has been advised that the attorneys are individual practitioners.

Mr. Kerns' response was similar. He advised that the attorneys' affiliation is limited to an office-sharing arrangement. He advised that he has retained legal counsel to work with the Kansas Disciplinary Administrator to make changes to allow the attorneys to work as individual practitioners. Kerns now has his own separate website. He advised that the "individual practitioners" notations to the Warrior Lawyers website was added in 2017 and that "efforts are currently being made to resolve any possible confusion on the old website" (the Warrior Lawyers site). He states that references to a "firm" are "now being deleted." The signage for their office

---

[1] This observation prompted the Magistrate Judge's *sua sponte* inquiry.

now reads "Ariagno Kerns Mank and White Individual Practitioners." He confirmed the economic arrangements described in Mr. Ariagno's response. He advised that Defendant James has been advised that the attorney are individual practitioners and have not been partners since 2017.

The Magistrate Judge has reviewed the "Warrior Lawyers" website (www.warriorlawyers.com).[2]  The website is titled "WARRIOR LAWERS Ariagno, Kerns, Mank & White, Individual Practitioners."  The site advertises the attorneys at a common address with a common telephone number. The site touts the qualities and success of the group.  For example, the opening page states:

> We have a high success rate with every type of criminal case, including homicide, violent crimes and drugs.  The Warrior Lawyers are known for lengthy and thorough pre-trial challenges, motions, trial preparation, trial strategy, juror selection, and every aspect of representing those accused of crimes.

The next paragraph states that the "Warrior Lawyers strive to protect their clients with substantially reduced criminal responsibility as the result of their zealous and aggressive defense, both in law and fact.  Ariagno, Kerns, Mank & White is an AV(R) rated firm with a longstanding tradition of excellence in the courtrooms throughout the United States."

The "areas of practice" section explains "white collar crime," then states, "[t]his is where the criminal defense team of Ariagno, Kerns, Mank & White, LLC can help you.  Their experience, knowledge and passion has led to a remarkable record of success in defending clients against white-collar charges."  (Notably, "a remarkable record" is touted, not "remarkable records.")  Other references in the areas of practice section describe "Ariagno Kerns, Mank & White LLC" as a "criminal defense team."  The group is also referred to as a "firm" in at least four places in this section and other places on the website.

---

[2] This described content of the website is correct as of April 25, 2022.

Rule 1.10(a) of the Kansas Rules of Professional Conduct state (KRPC) that "[w]hile lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7 or 1.9." (The exception in this rule is inapplicable here).  KRPC 1.7 describes conflicts of interest with current clients. The rule does not categorically prohibit the representation of co-defendants in a criminal case, but in their responses, counsel do not take issue with the concerns expressed in the orders to show cause that such representation is not generally appropriate.  Neither response offers applicable exceptions to the possible disqualifications in this case or claim that the conflicts have been, or could be, waived.  Rather, the responses focus on whether Mr. Ariagno and Mr. Kerns should be considered members of the same "firm" within the meaning of 1.10(a).

The Comments section to KRPC 1.10(a) defines "firm" as follows:

> [1] For purposes of the Rules of Professional Conduct, the term 'firm' denotes lawyers in a law partnership, professional corporation, sole proprietorship, or other association authorized to practice law; or lawyers employed in a legal services organization or the legal department of a corporation or other organization. See Rule 1.0(d). Whether two or more lawyers constitute a firm within this definition can depend on the specific facts.

The definition of firm in the Comments to KRPC 1.10(a) is from KRPC 1.0 (d). The Comments section of KRPC 1.0 states that:

> 2] Whether two or more lawyers constitute a firm within paragraph (d) can depend on the specific facts. For example, two practitioners who share office space and occasionally consult or assist each other ordinarily would not be regarded as constituting a firm. However, *if they present themselves to the public in a way that suggests that they are a firm or conduct themselves as a firm, they should be regarded as a firm for purposes of the Rules.* The terms of any formal agreement between associated lawyers are relevant in determining whether they are a firm, as is the fact that they have mutual access to information concerning the clients they serve. Furthermore, it is relevant in doubtful cases to consider the underlying purpose of the Rule that is involved. A group of

> lawyers could be regarded as a firm for purposes of the Rule that the same lawyer should not represent opposing parties in litigation, while it might not be so regarded for purposes of the Rule that information acquired by one lawyer is attributed to another.

(Emphasis added.)

The Kansas Supreme Court reviewed a similar arrangement in *Monroe v. City of Topeka*, 267 Kan. 440, 988 P.2d 228 (1999) in the pre-lawyer-internet-advertising era. The issue was whether an attorney who was listed on the firm's letterhead as "of counsel" was a member of the firm for the purpose of imputed disqualification. The economic arrangements separating the attorneys' practices were notably similar to the present case (*Id.* at 441). The Court found that the combination of sharing office space, telephone and facsimile numbers, mailing addresses, and the use by the attorney of the firm name and letterhead, demonstrated that the firm and attorney presented themselves to the public as a "firm" and should be considered as such for the purpose the imputed disqualification rule.

Mr. Ariagno and Mr. Kerns hold themselves out to the public as members of a "firm" on their website. Regardless of the addition of the "individual practitioners" notations to that site, the entire theme of the site is the reputation and skills of the group of lawyers as a team. The words "firm" and "team," are used repeatedly, and the "firm's" Martindale-Hubble rating is touted. This impression of the lawyers as a group is so strong that the Court is doubtful that the advertising strategy here can be utilized at all without leading the public to believe they are a firm. The lawyers do share several attributes with the attorneys in the *Monroe* case, including location, phone number and mailing address, although the Court does not opine that those facts alone would cause imputed disqualification. Mr. Ariagno continues to use a firm name that include Mr. Kerns' name. Informing the Defendants that counsel are individual practitioners

does not answer the inquiry required by the rule, which focuses on how the lawyers are presented to the public.

To be clear, the Magistrate Judge does not doubt or question the subjective integrity of the two attorneys. Both Mr. Kerns and Mr. Ariagno are long-standing members of the Kansas bar with, in this Judge's experience, well-deserved reputations as capable members of the practicing bar. It appears that in 2017 their firm dissolved, perhaps to enable the individual attorneys to accept more clients, and that they have been working towards separating their practices to that end. However, it is now 2022 and they have not yet done so. Rule 1.0 states that because "they present themselves to the public in a way that suggests that they are a firm . . . they should be regarded as a firm for purposes of the Rules." The Court finds that Mr. Ariagno and Mr. Kerns are members of the same firm for the purpose of imputed disqualification.

Because the Court has found that the attorneys are part of the same firm, and that the imputed disqualification rule in KRPC 1.10 applies, neither attorney may represent a client when either would be disqualified. This finding activates the Court's responsibility under Federal Rule of Criminal Procedure 44 to "promptly inquire about the propriety of joint representation," personally advise the Defendants concerning the matter and, unless there is good cause to believe that no conflict of interest is likely to arise, take "appropriate measures" to protect each Defendant's right to counsel. **United States v. Renda** et al, 669 F.Supp. 1544 (D. Kan. 1987).

Counsel's response to the orders to show cause addressed the issue of whether counsel should be viewed as members of the same firm. The Court has found that they should be. However, there are inadequate facts to determine whether an exception under Rule 1.7 might be available or whether advice and waiver may allow counsel to continue without disqualification. *See e.g.* **United States v. Renda**, *supra*. Therefore, the Court will hold a hearing to determine

whether counsel may continue their representation notwithstanding the Court's ruling that Rule 1.10(a) applies.

A hearing on this matter is therefore set before the undersigned Magistrate Judge at 3:00 p.m. on May 4, 2022, in Courtroom 404.[3]

**IT IS SO ORDERED**

Dated this 26th day of April 2022.

/s K<small>ENNETH</small> G. G<small>ALE</small>
Kenneth G. Gale
United States Magistrate Judge

---

[3] The Magistrate Judge acknowledges that this hearing date is soon. The Magistrate Judge will continue this date if the Defendants receive an extension of the trial date (and the speedy trial deadline) from the District Judge. A continuance should be coordinated with the Magistrate Judge's chambers.